UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24563-BLOOM/Otazo-Reyes

MARTHA PERDOMO DE MIRABEL,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER ON APPLICATION TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court upon Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion"). The Court has carefully considered the Motion, the record in this case, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied without prejudice.

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. As such, a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*).

Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1]

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life"). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 85 Fed. Reg. 3060 (Jan. 17, 2020).

Further, § 1915 requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014).

> In determining *in forma pauperis* eligibility, "courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted). Courts may also consider the income of a party's spouse and joint assets when determining a party's motion to proceed *in forma pauperis*. *See, e.g.*, *Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (denying the plaintiff's motion to proceed *in forma pauperis* because the plaintiff's total monthly income, which was derived primarily from the spouse's income, exceeded the plaintiff's joint monthly expenses).

*Francis v. Berryhill*, No. 8:18-cv-2492-T-24SPF, 2018 WL 6983489, at *1 (M.D. Fla. Nov. 7, 2018), *report and recommendation adopted*, No. 8:18-cv-2492-T-24SPF, 2018 WL 6983490 (M.D. Fla. Nov. 26, 2018); *see also Hernandez v. Comm'r of Soc. Sec.*, No. 6:16-cv-1671-Orl-41GJK, 2016 WL 11121055, at *2 (M.D. Fla. Oct. 4, 2016) ("A court considering a motion to

proceed *in forma pauperis* may consider the assets and income provided by a spouse." (citing *Trimble v. Volz*, No. 2:08-cv-417-FtM-99DNF, 2008 WL 4490181 at *3 (M.D. Fla. Sept. 30, 2008))). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court.").

The Motion in this case represents that Plaintiff earns no wages as she is unemployed, she receives no income from any other sources, she has $0.00 in cash or in a checking or savings account, her expenses are paid by her family, she has no debts or other financial obligations, and she owns a home with her spouse valued at $313,160.00. *See* ECF No. [3]. The Court, however, requires additional financial information to substantiate these claims, especially as they relate to the expenses paid by Plaintiff's family, and financial information for Plaintiff's spouse with whom she owns her home. *See Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013) ("It undeniably costs money to live . . . Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game, the Court has demanded supplemental information.").

Accordingly, Plaintiff must provide the following information to the Court, declared under penalty of perjury:

(1) The amounts she and her spouse spend each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance she may receive;

(2) The source of funds to pay for those expenses;

(3) Whether she or her spouse own any means of transportation and, if not, whether she has regular access to a means of transportation owned by someone else;

3

(4) Whether she possesses a cellular telephone, TV set, and any home electronics equipment;

(5) Whether she or her spouse has any credit or debit cards;

(6) Whether she or her spouse is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether she anticipates any future income within the next year; and

(8) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number, and the name of the court granting the reduction or waiver).

The Court further notes that, if Plaintiff chooses not to submit the information listed above, she will be required to pay the filing fee in this case in full.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [3]**, is **DENIED WITHOUT PREJUDICE**. Plaintiff may submit a new *in forma pauperis* motion, consistent with the instructions set forth above, **on or before November 18, 2020**. The Clerk of Court is **DIRECTED** to serve with this Order a blank IFP long form for Plaintiff's convenience.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 6, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record