UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24563-CIV-BLOOM/OTAZO-REYES

MARTHA PERDOMO DE MIRABEL,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Plaintiff Martha Perdomo de Mirabel's ("Plaintiff") Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), Title 28, United States Code, Section 2412(d) (hereafter, "Motion for EAJA Fees") [D.E. 23]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 24]. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's Motion for EAJA Fees be GRANTED IN PART.

## BACKGROUND

On November 5, 2020, Plaintiff filed this action seeking judicial review of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security's ("Commissioner"), denial of benefits pursuant to 42 U.S.C. § 405(g) [D.E. 1]. On October 26, 2021, the Court granted the Commissioner's Consent Request for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g),

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

reversed the Commissioner's decision, and remanded the matter to the Commissioner for further proceedings [D.E. 21–22]. On February 16, 2022, Plaintiff filed her Motion for EAJA Fees [D.E. 23]. Plaintiff requests attorney's fees in the amount of $1,424.00. See Motion for EAJA Fees [D.E. 23 at 2]. Plaintiff also requests as costs the $400.00 filing fee. Id. at 1. The attorney's fees requested are composed of the following:

| Year | Time | Rate | Amount |
|---|---|---|---|
| 2020 | 1.5 hours | $207.78 | $311.67 |
| 2021 | 2.0 hours | $217.54 | $435.08 |
| 2022 | 3.0 hours | $225.75 | $677.25 |
| | | **REQUESTED TOTAL:** | **$1,424.00** |

The Commissioner does not object to these hourly rates or to Plaintiff's request for the $400.00 filing fee cost. See Commissioner's Opposition [D.E. 25 at 1]. However, the Commissioner argues that Plaintiff should not be compensated for the 2.4 hours her counsel spent in 2022 in preparing the time sheet for the Motion for EAJA Fees, arguing that this is a clerical task that is not compensable under the EAJA. Id. at 1–2.

## LEGAL STANDARD

Pursuant to the EAJA,

[A] judgment for costs, as enumerated in Section 1920 . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency . . . .

\* \* \*

[A] court shall award to a prevailing party other than the United States, fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in a civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

\* \* \*

"[F]ees and other expenses" includes . . . reasonable attorney's fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an

increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

28 U.S.C. § 2412(a), (d)(1)(A), (d)(2)(A); see Reeves v. Astrue, 526 F.3d 732, 734 (11th Cir. 2008) (discussing an EAJA award of costs and fees pursuant to 28 U.S.C. § 2412(a), (d)(1)).[2]

Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## DISCUSSION

**A. Entitlement to EAJA Attorney's Fees**

The Supreme Court has held that "the term 'prevailing party' in fee statutes is 'a term of art' that refers to the prevailing litigant." Astrue v. Ratliff, 560 U.S. 586, 591 (2010). A party who obtains a judgment reversing the Commissioner's denial of benefits and remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party. Shalala v. Schaefer, 509 U.S. 292, 301–02 (1993).[3] Here, the Commissioner's Consent Request for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) was granted and

---

[2] To be eligible for an award of EAJA fees, the party must have a net worth not exceeding $2,000,000 at the time the action was filed. 28 U.S.C. § 2412(d)(2)(B). The Motion for EAJA Fees states that Plaintiff's net worth was under $2,000,000 and the Commissioner does not dispute this statement. See Motion for EAJA Fees [D.E. 23 at 2].

[3] Sentence four of Section 405(g) provides that: "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

the matter remanded to the Commissioner for further proceedings [D.E. 21–22].  Thus, Plaintiff is a prevailing party and is entitled to recover the $400.00 filing fee as costs.  28 U.S.C. § 2412(a)(1); 28 U.S.C. § 1920.

Plaintiff's request for attorney's fees requires an additional determination, namely, whether the Commissioner's position was substantially justified or whether circumstances exist which would make an award of fees unjust.  28 U.S.C. § 2412(d)(1)(A).  "To be substantially justified under the EAJA, the government's position must be justified to a degree that could satisfy a reasonable person," meaning that it must have a "reasonable basis both in law and fact."  Monroe v. Comm'r, 569 F. App'x 833, 834 (11th Cir. 2014).  "The government bears the burden of showing that its position was substantially justified."  Id. (quoting Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987)).  Given the Commissioner's non-opposition to the Motion for EAJA Fees, the undersigned concludes that the Commissioner has not met its burden of showing that its position was substantially justified.  Id.  Moreover, the Commissioner has not raised nor has the undersigned found any "special circumstances" which would make the award of fees unjust.  28 U.S.C. § 2412(d)(1)(A).  Thus, Plaintiff is entitled to an award of attorney's fees pursuant to the EAJA.

### B.  Reasonableness of Attorney's Fees

The EAJA requires that an attorney's fees award be reasonable.  See 28 U.S.C. § 2412(d)(2)(A).  The Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  Plaintiff seeks fees for a total of 6.5 hours for work performed by her counsel from 2020 to 2022.  See Motion for EAJA Fees [D.E. 23 at 2].  With regard to the number of hours, the undersigned has reviewed Plaintiff's counsel's time logs

4

[D.E. 23 at 4–5] and finds that the 4.1 hours spent on the matter in 2020 and 2021 and 0.6 of the hours spent in 2022 to be reasonable. The remaining 2.4 hours for 2022 are not compensable because, as argued by the Commissioner, they were spent in the performance of a clerical task, namely, preparing the time sheet for the Motion for EAJA Fees. See Ward v. Astrue, No. 3:11–cv–523–J–TEM, 2012 WL 1820578, at *3 (M.D. Fla. May 18, 2012) ("The .2 hours to prepare a time sheet for the EAJA petition, however, is an administrative task that should be subsumed within overhead costs, particularly when additional time is sought for preparation of the actual petition.") (citation omitted).

With regard to the rate charged, the EAJA allows a court to make adjustments to the $125 statutory cap for increases in the cost of living. See 28 U.S.C. § 2412(d)(2)(A). Courts use the Consumer Price Index (hereafter, "CPI") to make cost of living adjustments, and both the Eleventh Circuit and the Southern District of Florida have approved adjusting the statutory cap for cost of living increases. Morrison v. Astrue, No. 08-CV-80886, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010). Here, Plaintiff requests rates of $207.78 per hour for work performed in 2020; $217.54 per hour for work performed in 2021; and $225.75 per hour for work performed in 2022, which all reflect an adjustment to the statutory cap based on the CPI for the respective years.

Based on the foregoing and the undersigned's own knowledge and experience concerning reasonable and proper fees, the undersigned concludes that 4.1 of the hours as well as the rates sought by Plaintiff are reasonable. See Norman, 836 F.2d at 1303. Accordingly, Plaintiff's fee award is re-computed as follows:

| Year | Time | Rate | Amount |
|------|------|------|--------|
| 2020 | 1.5 hours | $207.78 | $311.67 |
| 2021 | 2.0 hours | $217.54 | $435.08 |
| 2022 | 0.6 hours | $225.75 | $135.45 |

**TOTAL ADJUSTED FEE AWARD:** **$882.20**

**CONCLUSION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for EAJA Fees [D.E. 23] be **GRANTED IN PART** and that attorney's fees in the amount of **$882.20**, plus costs in the amount of **$400.00**, be awarded to Plaintiff. The total award amount of **$1,282.20** is to be made payable to Plaintiff's counsel, unless Plaintiff owes a federal debt, in which case any payment shall be made payable directly to Plaintiff and delivered to Plaintiff's counsel.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 12th day of April, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Beth Bloom
      Counsel of Record